IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JOE AITRO, )
 )
 Plaintiff, )
 )
 v. )
 ) No. 06-3183-CV-S-FJG
LOCKWOOD MISSOURI POLICE )
DEPARTMENT, et al., )
 )
 Defendants. )

## ORDER

Pending before the Court are (1) plaintiff's Motion for Change of Venue in Name of Justice (Doc. No. 2); (2) plaintiff's Motion to Dismiss Case and Award Damages to Plainitiffs [sic] (Doc. No. 4); (3) defendants Judge David Mutton, Judge James Bickel, David Johnston, Jay Nixon, and State of Missouri's Motion to Dismiss Due to Insufficiency of Service of Process (Doc. No. 5)[1]; (4) plaintiff's Motion to Dismiss Change of Venue (Doc. No. 7); (5) plaintiff's Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service (Doc. No. 8); and (6) plaintiff's motion to transfer the case to the United States Appeals Court (Doc. No. 12).[2] Each will be considered below.

---

[1]This motion has been joined by defendants City of Lockwood, Missouri, Lockwood Police Department, George Nichols, Ruth Cottingham, Ryan Robison, Douglas Harpool, Kristen Roubal, and Lathrop & Gage L.C. Although plaintiff complains that he does not understand how separate defendants can join in other defendants' motions (see Doc. No. 12), it is actually a quite common and lawful practice for separate defendants to join in other defendants' motions when all rely on the same arguments. Contrary to plaintiff's belief, this is not evidence of some sort of "conspiracy" between the defendants.

[2]Plaintiff actually titled this pleading "Transferring Case to the United States Appeals Court." See Doc. No. 12. However, plaintiff has no automatic right to appeal

**I.     Plaintiff's Motion for Change of Venue in Name of Justice (Doc. No. 2), and Plaintiff's Motion to Dismiss Change of Venue (Doc. No. 7)**

Plaintiff has moved to change the venue of this case to the "Federal Court in Mn." because he believes that, because a previous case he had filed was dismissed by one of the judges of this Court,[3] "this court can not assure the plaintiff that Justice will be served in the Name of Justice and the Law of the U.S. Constitution as it has failed once before."

However, after the filing of the motion for change of venue, plaintiff has filed a motion to dismiss change of venue (Doc. No. 7), wherein plaintiff asserts that he wishes to "withdraw change of venue." Accordingly, the Court **GRANTS** plaintiff's motion to withdraw (Doc. No. 7), and plaintiff's previously-filed motion for change of venue (Doc. No. 2) is **WITHDRAWN.**[4]

**II.    Plaintiff's Motion to Dismiss Case and Award Damages (Doc. No. 4), Defendants Judge David Mutton, Judge James Bickel, David Johnston, Jay Nixon, and State of Missouri's Motion to Dismiss Due to Insufficiency of Service of Process (Doc. No. 5), and Plaintiff's Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service (Doc. No. 8)**

Plaintiff has filed what he has captioned a "Motion to Dismiss." However, it is apparent that plaintiff is actually seeking default judgment against defendants for failure to

---

anything in this case, as no final judgment or other appealable order has been entered. See Federal Rules of Appellate Procedure, Rule 4.

[3]The Honorable Richard E. Dorr, who presided over Case No. 05-3120-CV-S-RED.

[4]Furthermore, the Court notes that plaintiff's motion for change of venue to Minnesota would have been **DENIED** had the Court reached that issue on the merits. Plaintiff has provided no evidence that this Court cannot fairly resolve the issues presented to it, and Minnesota has no connection to the events alleged in plaintiff's complaint.

answer his complaint. <u>See</u> Federal Rules of Civil Procedure, Rule 55. Plaintiff asserts that the "defendants failed to respond within the 20 days from being served according to the rules of the federal court." Plaintiff seeks an award of damages, including punitive damages. Plaintiff appears to have sent the various defendants a copy of the complaint through certified mail. <u>See</u> Doc. No. 3.

Defendants Mutton, Bickel, Johnston, Nixon, State of Missouri, City of Lockwood, Lockwood Police Department, Nichols, Cottingham, Robison, Harpool, Roubal, and Lathrop & Gage L.C., have all entered a special appearance to contest plaintiff's claims of valid service and to move to dismiss due to insufficiency of service of process. Defendants note that according to Federal Rule of Civil Procedure 4(e), service upon an individual may be effected (1) pursuant to the laws of the state in which the district court is located, or (2) by delivering a copy of the summons and complaint to the individual personally, by leaving it at that person's dwelling house with someone of suitable age, or by delivering it to an agent authorized by appointment of law to receive service of process. Missouri Rule of Civil Procedure 54.13(b)(1) provides that service of process upon an individual is effected the same way as prescribed in the federal rules. Defendants <u>correctly</u> note that service by certified mail is not proper under the rules for serving individuals. Further, defendants note that both Federal Rule of Civil Procedure 4(j)(2) and Missouri Rule of Civil Procedure 54.13(b)(4) provide that service upon a state or local government shall be effected by personally delivering a copy of the summons to its chief executive officer. Again, defendants note the service by certified mail is not proper under the rules for serving the

3

summons and complaint.[5]  Defendants note that plaintiff does not appear to have requested the issuance of summons from the clerk's office. See generally Docket entries from Case No. 06-3183-CV-S-FJG.  Summons must be issued and served with the complaint, and service may be effected by any person who is not a party and who is at least 18 years of age.  Fed. R. Civ. P. 4(c)(1) and (2).  Because of plaintiff's failure to obtain proper service, defendants request dismissal from this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(5).

In response to this motion, plaintiff filed a "Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service."  (Doc. No. 8.)  Plaintiff apparently believes that he has properly effectuated service, presumably pursuant to Rule 5 of the Federal Rules of Civil Procedure.  However, Rule 5 applies only to pleadings filed subsequent to the original complaint.  Plaintiff must abide by the above-cited provisions of Rule 4 of the Federal Rules of Civil Procedure in order to properly serve the defendants.

Therefore, for the foregoing reasons, plaintiff's Plaintiff's Motion to Dismiss Case and Award Damages (Doc. No. 4) is **DENIED**, and Plaintiff's Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service (Doc. No. 8) is **DENIED.**  As for Defendants' Motion to Dismiss Due to Insufficiency of Service of Process (Doc. No. 5), the Eighth Circuit has held that "[d]ismissal [is not] invariably required where service is ineffective: under such circumstances, the court has discretion to either dismiss the action, or quash service but retain the case." See Haley v. Simmons, 529 F.2d

---

[5] It is also apparent that plaintiff has not followed the Federal Rules with respect to serving corporations or associations (such as Lathrop & Gage L.C.).  See Fed. R. Civ. P. 4(h).

78, 79 (8th Cir. 1976). See also Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998). As the time limit for effectuating service of the complaint has not yet expired,[6] the Court finds that quashing service but retaining the case is the appropriate course of action. Therefore, defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE** to its re-assertion if plaintiff fails to properly effectuate service within the time contemplated by Rule 4(m) of the Federal Rules of Civil Procedure.

### III.  Plaintiff's Motion to Transfer the Case to the Appeals Court (Doc. No. 12)

Plaintiff moves to appeal the Order of Chief United States Magistrate Judge James C. England directing that this case be placed back in the draw for assignment to a United States District Judge. This is not a final appealable order. Furthermore, an appeal of this issue would be frivolous. In order for a magistrate judge to exercise case-dispositive or final judgment authority in a matter, all parties must consent to the magistrate judge's authority. See Rule 73 of the Federal Rules of Civil Procedure. In this matter, the parties did not timely file consents to trial before a magistrate judge, and a dispositive motion (plaintiff's motion to dismiss) was pending. Therefore, Judge England made no error in directing that the case be placed back in the draw for assignment to a United States District Judge. Plaintiff's motion (Doc. No. 12) is **DENIED.**

### IV.  Conclusion

Therefore, for the foregoing reasons:

(1)   Plaintiff's Motion for Change of Venue in Name of Justice (Doc. No. 2) is

---

[6]Plaintiff's service deadline is August 31, 2006 (see Federal Rule of Civil Procedure 4(m), which provides that service must be made within 120 days after the filing of the complaint).

5

**WITHDRAWN**;

(2) Plaintiff's Motion to Dismiss Case and Award Damages to Plainitiffs [sic] (Doc. No. 4) is **DENIED**;

(3) Defendants Judge David Mutton, Judge James Bickel, David Johnston, Jay Nixon, and State of Missouri's Motion to Dismiss Due to Insufficiency of Service of Process (Doc. No. 5) is **DENIED WITHOUT PREJUDICE** to its re-assertion if plaintiff fails to timely serve his summons and complaint;

(4) Plaintiff's Motion to Dismiss Change of Venue (Doc. No. 7) is **GRANTED**;

(5) Plaintiff's Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service (Doc. No. 8) is **DENIED**; and

(6) Plaintiff's motion to transfer the case to the United States Appeals Court (Doc. No. 12) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular mail to plaintiff at the following address:

Joe Aitro
P. O. Box 326
Webb City, MO 64870

**IT IS SO ORDERED.**

                                          **/S/ FERNANDO J. GAITAN, JR.**
                                          Fernando J. Gaitan, Jr.
                                          United States District Judge

Dated:   July 26, 2006
Kansas City, Missouri